1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JASON THOR LEONARD,                      No.  2:22-cv-01231 WBS DB P

12                      Plaintiff,

13          v.                                 ORDER

14    CALIFORNIA STATE PRISON
      SACRAMENTO, et al.,
15
                        Defendants.
16

17          Plaintiff, an inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims defendants were deliberately indifferent to a serious risk to

19   plaintiff's health safety, in violation of his Eighth Amendment rights.  Before the court is

20   plaintiff's motion to proceed in forma pauperis (ECF No. 2) and plaintiff's complaint for

21   screening (ECF No. 1).  For the reasons stated below, the complaint will be dismissed with leave

22   to amend.

23                                  **IN FORMA PAUPERIS**

24          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25   1915(a).  (ECF No. 2.)  However, it appears from plaintiff's updated address that plaintiff is no

26   longer incarcerated.  As such, plaintiff must submit a new request to proceed in forma pauperis on

27   the form used by non-prisoners.  The Clerk of the Court will be directed to include that form with

28   this order.

**SCREENING**

### I.        Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .

2

. . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.    Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant

1    with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

2    Id. at 676.

3        **III.    Allegations in the Complaint**

4        Plaintiff indicates that, at all relevant times, he was an inmate in the custody of California

5    State Prison, Sacramento ("SAC").  (ECF No. 1 at 3.)  Plaintiff names Correctional Officers A.

6    Britton and S. Bartlett as defendants in this action.  (Id. at 2.)

7        In the complaint, plaintiff alleges the following: on June 30, 2020, plaintiff was escorted

8    by defendants Britton and Bartlett past a cell where inmate Eric Gulbrons was located.  (Id. at 3.)

9    Defendant Gulbrons' cell window was broken and defendants were aware that the window was

10   broken.  (Id.)  As plaintiff passed the cell, defendant Gulbrons "used a spear to stab [plaintiff]

11   through a broken window."  (Id.)  Defendant Gulbrons "has a long history that is well

12   documented by CDCR of spearing inmates, free staff and correctional officers through broken

13   cell windows…."  (Id.)

14       Plaintiff requests monetary relief of fifty thousand dollars ($50,000) for "physical and

15   emotional pain and suffering, post-traumatic stress disorder and cost of court fees."  (Id.)

16       **IV.    Does Plaintiff State a Claim under § 1983?**

17           **A.  Legal Standards - Failure to Protect**

18       "The Eighth Amendment imposes a duty on prison officials to protect inmates from

19   violence at the hands of other inmates."  Cortez v. Skol, 776 F.3d 1046, 1050 (9th Cir. 2015).

20   The right to personal security is a "historic liberty interest" that is protected substantively by the

21   Due Process Clause.  Youngberg v. Romeo, 457 U.S. 307, 315 (1982).  This right is not

22   extinguished by lawful confinement, even for penal purposes.  See generally Hutto v. Finney, 437

23   U.S. 678 (1978).  Insufficient protection of a prisoner resulting in harm inflicted by other inmates

24   may also violate a prisoner's due process rights.  Hernandez v. Denton, 861 F.2d 1421, 1424 (9th

25   Cir. 1988) (citing Youngberg, 457 U.S. at 315-16).

26       In a "failure-to-protect" Eighth Amendment violation claim, an inmate must show that a

27   prison official's act or omission (1) was objectively, sufficiently serious, and (2) the official was

28   deliberately indifferent to inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834

4

(1994); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. See Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. A prison official need not "believe to a moral certainty" that an inmate is at risk of harm "before [he] is obligated to take steps to prevent such an assault," but "he must have more than a mere suspicion that an attack will occur." Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (citation omitted). "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [an inmate's] future health." Williams v. Wood, 223 F. App'x 670, 671 (9th Cir. 2007) (citation omitted). The obviousness of the risk, however, may be sufficient to establish knowledge. See Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). The prisoner may demonstrate that the risk was obvious due to the prisoner's personal characteristics or conditions within the prison. See Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1078 (9th Cir. 2013).

To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837.

### B. Analysis

Plaintiff claims that defendants Britton and Bartlett failed to protect plaintiff when they escorted inmate Gulbrons' broken cell window. However, the allegations in the complaint are insufficient as they do not establish that defendant Britton and Bartlett knew of and disregarded and excessive risk to plaintiff's safety. Farmer, 511 U.S. at 837. Plaintiff alleges that defendants Britton and Bartlett were aware that inmate Gulbrons window was broken. (ECF No. 1 at 3.) Plaintiff also states that inmate Gulbrons has a "long history" of attacking people through cell windows with a spear. (Id.) However, plaintiff does not allege any facts that show the defendants knew there existed a risk of serious harm from inmate Gulbrons. Under the facts

1   alleged, defendants were only aware that inmate Gulbrons window was broken.  This alone is not

2   sufficient to satisfy the knowledge requirement which is necessary to state a deliberate

3   indifference claim.  Farmer, 511 U.S. at 837.

4        Accordingly, the complaint will be dismissed for failure to state a claim upon which relief

5   can be granted.  However, as it appears plaintiff may still be able to state a claim, he will be given

6   the opportunity to file an amended complaint.

7                              **AMENDING THE COMPLAINT**

8        This court finds above that plaintiff's complaint fails to state a claim.  Plaintiff will be

9   given the opportunity to file an amended complaint to state claims against defendants Britton,

10  Bartlett, or any other defendant.  Any amended complaint must be complete in itself.  The court

11  cannot refer to a prior complaint to understand the plaintiff's claims.

12       If plaintiff chooses to file an amended complaint, he must address the problems with his

13  complaint that are explained above.  In an amended complaint plaintiff must clearly identify each

14  defendant and the action that defendant took that violated his constitutional rights.  The court is

15  not required to review exhibits to determine what plaintiff's charging allegations are as to each

16  named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the

17  complaint.  The charging allegations must be set forth in the amended complaint, so defendants

18  have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every

19  detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of

20  each claim.  See Fed. R. Civ. P. 8(a).

21       Any amended complaint must show the federal court has jurisdiction, the action is brought

22  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

23  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

24  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

25  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the

26  deprivation of a constitutional right if he does an act, participates in another's act, or omits to

27  perform an act he is legally required to do that causes the alleged deprivation).  "Vague and

28  ////

                                              6

1  conclusory allegations of official participation in civil rights violations are not sufficient." <u>Ivey v.</u>
2  <u>Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

3         In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.
4  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.
5  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
6  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

7         The federal rules contemplate brevity.  <u>See</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d
8  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
9  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.
10  84; <u>cf.</u> Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be
11  set forth in short and plain terms.  <u>See</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002)
12  ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus
13  litigation on the merits of a claim."); Fed. R. Civ. P. 8.

14         An amended complaint must be complete in itself, without reference to any prior pleading.
15  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.
16  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has
17  evidentiary support for his allegations, and for violation of this rule, the court may impose
18  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.
19  ////
20  ////
21  ////
22  ////
23  ////
24  ////
25  ////
26  ////
27  ////
28  ////

7

**CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied without prejudice.

2.  Within thirty days of service of this order, plaintiff shall either submit an updated application to proceed IFP in accordance with 28 U.S.C. § 1015(a)(1); or pay the $402 filing fee in full.  Failure to submit an updated application or pay the filing fee will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and failure to obey court order.

3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district as well as a copy of the form for an application to proceed in forma pauperis by a non-prisoner.

Dated:  March 28, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/leon1231.scrn_lta