UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOR LEONARD,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE PRISON SACRAMENTO, et al.,<br><br>Defendants. | No. 2:22-cv-01231 WBS SCR P<br><br><br>ORDER |

Plaintiff has filed a "Motion for Discovery" requesting an order compelling the California Department of Corrections and Rehabilitation to produce security camera footage from California State Prison-Sacramento from June 30, 2020. (ECF No. 34.) Plaintiff's motion addresses the relevance and necessity of the material requested. (Id. at 5-6.) Plaintiff also requests the court to order defendants to "preserve all relevant security footage[.]" (Id. at 6.)

As plaintiff was previously informed in the discovery and scheduling order filed on March 21, 2024 (ECF No. 27 at 5-6), requests for discovery material such as camera footage shall not be filed with the court except when required by Local Rules 250.1, 250.2, 250.3, and 250.4. As plaintiff was previously informed, discovery requests shall be served on the opposing party's attorney if the opposing party is represented by counsel. (Id. at 5.)[1] In other words, plaintiff must

---

[1] The court's prior order also cautioned the parties that filing discovery requests or responses, except as required by rule of court, could result in an order of sanctions. (ECF No. 27 at 5.)

1

serve a discovery request to a named defendant by serving it to defendants' counsel before requesting this court to compel production of the material.

Plaintiff's motion for discovery does not indicate plaintiff served a request for the desired security camera footage to defendants' counsel. Therefore, plaintiff's motion for an order from the court will be denied without prejudice.

The court notes the discovery deadline is currently set for October 18, 2024. (ECF No. 32.) As plaintiff was previously informed, all requests for discovery pursuant to Rules 31, 33, 34, or 36 of the Federal Rules of Civil Procedure shall be served not later than sixty days prior to the discovery deadline. (ECF No. 27 at 5.) Plaintiff is cautioned that the court will not look favorably on a request to extend the discovery deadline filed after the discovery deadline. Therefore, plaintiff will be ordered to promptly file a motion for an extension of the discovery deadline if necessary for plaintiff to timely serve discovery requests under the Federal Rules of Civil Procedure and the case schedule set by this court.

A party is under an ongoing duty to preserve evidence which it knows or reasonably should know is relevant to an action. See Oracle Am., Inc. v. Hewlett Packard Enter. Co., 328 F.R.D. 543, 549 (N.D. Cal. 2018) ("As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action.") (citation omitted). This obligation, backed by the court's power to impose sanctions for the destruction of such evidence, is generally sufficient to secure the preservation of relevant evidence. See Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991). Accordingly, the request for an order to preserve evidence will be denied.

///
///
///
///
///
///
///

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's motion for discovery (ECF No. 34) is denied without prejudice.
2. Plaintiff shall promptly serve any discovery requests in accordance with the Federal Rules of Civil Procedure and shall promptly seek an extension of the discovery deadline if necessary to comply with the case schedule set by this court.

Dated: September 12, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE