UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOR LEONARD,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE PRISON SACRAMENTO, et al.,<br><br>Defendants. | No.  2:22-cv-01231 WBS SCR P<br><br><br><br>ORDER |

For the second time, plaintiff has filed a "Motion for Discovery" requesting an order compelling the California Department of Corrections and Rehabilitation to produce security camera footage from California State Prison- Sacramento from June 30, 2020. (ECF No. 37; see also ECF No. 34.) Plaintiff's motion addresses the relevance and necessity of the material requested. (Id. at 5-6.)

As plaintiff was previously informed in the discovery and scheduling order filed on March 21, 2024 (ECF No. 27 at 5-6), and in the previous order denying plaintiff's first "Motion for Discovery," requests for discovery material such as camera footage shall not be filed with the court except when required by Local Rules 250.1, 250.2, 250.3, and 250.4. ***Instead, discovery requests shall be served on the opposing party's attorney if the opposing party is represented by counsel***. (Id. at 5 (emphasis added).) The court's prior order also cautioned the parties that filing discovery requests or responses, except as required by rule of court, could result in an order of

sanctions. (Id.) As plaintiff was previously informed when the court denied his initial "Motion for Discovery," "***plaintiff must serve a discovery request to a named defendant by serving it to defendants' counsel before requesting this court to compel production of the material.***" (ECF No. 35 at 32 (emphasis added).)

Plaintiff's motion for discovery does not indicate plaintiff served a request for the desired security camera footage to defendants' counsel, and defendant opposes the motion to compel, indicating plaintiff did not do so. (ECF No. 38 at 2.) Plaintiff's pro se status does not excuse non-compliance with the Federal Rules of Civil Procedure, the court's local rules, or the court's orders. See McNeil v. United States, 508 U.S. 106, 113 (1993). Pro se litigants are expected to know and comply with the rules of civil procedure. See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000). Therefore, plaintiff's motion for an order compelling discovery which plaintiff has not requested from defendant's counsel will again be denied without prejudice.

Plaintiff also moves to extend the discovery deadline and defendant does not oppose the request. Good cause appearing, the court will adjust the case schedule to allow plaintiff an opportunity to request the desired security camera footage from defendant's counsel. All requests for discovery pursuant to Rules 31, 33, 34, or 36 of the Federal Rules of Civil Procedure shall be served not later than sixty days prior to the discovery deadline, and the court will not look favorably on a further request to extend the discovery deadline for this purpose.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's motion for discovery (ECF No. 37) is denied without prejudice.
2. Plaintiff's unopposed motion to extend the discovery deadline (ECF No. 36) is granted to the extent that the close of discovery is extended to 75 days from the date of this order solely for the purpose of plaintiff's request for discovery consisting of security camera footage.
3. On the court's own motion, the dispositive motion deadline is extended to 120 days from the date of this order.

////

4. In all other respects the court's prior Discovery and Scheduling Order (ECF No. 27) is unchanged.

5. Plaintiff shall promptly serve his request for the desired security camera footage on defendant's counsel.

DATED: November 8, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3