UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOR LEONARD,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE PRISON SACRAMENTO, et al.,<br><br>Defendants. | No. 2:22-cv-01231 WBS SCR P<br><br>ORDER |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Before the court is plaintiff's motion to compel discovery. (ECF No. 40.) Because plaintiff propounded the requests at issue after the discovery deadline, the court construes plaintiff's filing as a motion to modify the discovery and scheduling order. For the reasons described below, plaintiff's motion is granted in part. Discovery shall reopen for 30 days from the date of this order solely to resolve the discovery dispute through the "Informal Discovery Resolution" process outlined in the undersigned's civil standing order.

## BACKGROUND

Magistrate Judge Barnes, who was previously assigned to this matter, issued the initial discovery and scheduling order on March 21, 2024. (ECF No. 27.) On July 22, 2024, Judge Barnes granted defendants' motion to modify the discovery and scheduling order and set a new

1

1  discovery deadline of October 18, 2024, and dispositive motion deadline of January 17, 2025.

2  (ECF No. 32.)  On November 8, 2024, the undersigned granted plaintiff's unopposed motion

3  (ECF No. 36) to further extend the discovery deadline to January 22, 2025, "solely for the

4  purpose of plaintiff's request for discovery consisting of security camera footage."  (ECF No. 39.)

5  In that same order, the undersigned extended the dispositive motion deadline to March 8, 2025.

6  (Id.)

7  **PLAINTIFF'S MOTION TO COMPEL**

8  On February 13, 2025, plaintiff filed a motion to compel discovery pursuant to Federal

9  Rule of Civil Procedure 37.  (ECF No. 40.)  Plaintiff asks the court to order defendants to produce

10 documents responsive to plaintiff's request for production ("RFP") No. 1, which concerns records

11 documenting any stabbing or physical assaults incidents involving inmate Gulbrons—plaintiff's

12 alleged attacker—since his incarceration in 1997.  (Id. at 2, 11.)  Plaintiff served the discovery

13 request on January 12, 2025, which he acknowledges was after the court's discovery cut-off date.

14 (ECF No. 40 at 2.)  Defendants refused to comply, citing only "untimeliness based on the court's

15 prior orders."  (Id. at 4.)  Defendants raised no substantive objections to the request.

16 Plaintiff asserts that there is good cause for granting the motion to compel because the

17 information is "directly relevant to plaintiff's claims and essential for a fair adjudication of the

18 case."  (Id. at 2.)  Specifically, the information is "essential to demonstrate that defendants were

19 aware of Mr. Gulbrons' violent history and failed to act reasonably to protect plaintiff from

20 harm."  (Id. at 2-5.)  Plaintiff adds that production would not place an undue burden on

21 defendants because he seeks only a summary of incidents and limited the request to avoid

22 disclosure of confidential information.  (Id. at 3.)

23 Defendants oppose plaintiff's motion to compel on grounds that his discovery requests

24 were untimely, and that plaintiff failed to meet and confer before filing his motion.  (ECF No. 41

25 at 1-2.)  To the extent plaintiff's motion seeks to extend the discovery deadline, defendants claim

26 he has failed to explain his lack of diligence in obtaining discovery or demonstrate any excusable

27 neglect.  (Id. at 3-4.)  Shortly after submitting their opposition, defendants filed an unopposed

28 motion to extend the dispositive motion deadline to June 5, 2025, due to plaintiff's pending

2

motion. (ECF No. 42.) The undersigned granted the motion on March 6, 2025. (ECF No. 43.)

**DISCUSSION**

The parties agree that plaintiff did not timely serve the discovery requests at issue. (See ECF No. 40 at 6, 11.) Therefore, the relief sought falls outside the proper scope of a motion to compel under Rule 37 of the Federal Rules of Civil Procedure. As relevant here, Rule 37 allows a party seeking discovery to move for an order compelling production or inspection if the opposing party has failed to produce documents or failed to permit inspection as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). The court instead construes plaintiff's motion as encompassing a request that discovery be reopened for the purpose of requiring defendants to reply to his RFP.

Under Rule 16(b) of the Federal Rules of Civil Procedure, "good cause" is required for modification of a court's pretrial scheduling order. Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). In determining whether good cause exists to reopen discovery, courts may consider a variety of factors, such as: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence. U.S. ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), vacated on other grounds, 520 U.S. 939 (1997).

In considering the variety of "good cause" factors, the court finds support for both parties' arguments. The undersigned agrees with plaintiff that RFP No. 1 concerning stabbing or physical assaults incidents involving inmate Gulbrons, his alleged attacker, is likely to lead to evidence relevant to his Eighth Amendment failure to protect claim against defendants. But the court agrees with defendants that plaintiff's motion to compel does explain his lack of diligence in obtaining discovery or why he could not request the information prior to the discovery cutoff date.

Nevertheless, the court finds that the extension of the dispositive motion deadline to June 5, 2025, mitigates any prejudice to defendants from a short extension of the discovery deadline. Therefore, the court grants plaintiff's motion in part and will extend discovery for 30 days from the date of this order solely for the purpose of resolving the parties' dispute over plaintiff's RFP No. 1. On its own motion, the court refers the parties to the "Informal Discovery Resolution" process detailed in pages 3-4 of its civil standing order.[1] Through this process, the undersigned will seek to resolve this discovery dispute outside the formal Local Rule 251 procedures by conducting an informal telephonic conference with the parties. During this process, the parties will have an opportunity to discuss defendants' substantive objections to plaintiff's RFP No. 1 that are not currently in the record, and, if necessary, propose a new deadline for dispositive motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 40) is granted in part.

2. Discovery is reopened for 30 days from the date of this order solely for the purpose of resolving the parties dispute over plaintiff's RFP No. 1.

3. Pursuant to the procedures in the court's civil standing order, the parties shall meet and confer as soon as practicable in a good faith effort to resolve the dispute without court action.

4. If such efforts fail, either party may contact Judge Riordan's Courtroom Deputy, Shelly Her, at (916) 930-4128 or sher@caed.uscourts.gov, to request an informal telephonic conference with Judge Riordan.

5. The prospective moving party, after conferring with the opposing party, shall provide the dates and times in the subsequent four (4) to fourteen (14) days when all concerned parties are available for a telephonic conference and provide phone numbers where each party can be reached at the time of the telephonic conference. The Court will then issue a minute order with the time and date of the telephonic conference.

---

[1] The court's civil standing order is available at:
https://www.caed.uscourts.gov/caednew/assets/File/MASTER_2024_08_11%20SCR%20Civil%20Standing%20Order%20(DOF%20edits)%20scr%20V2.pdf.

   6. Unless a different deadline is set in the minute order, at least 48 hours before the telephonic conference, the parties shall file a **joint** letter briefly explaining what meet and confer efforts they have undertaken and briefly summarizing the discovery dispute. The joint letter is limited to two (2) single-spaced pages, using a minimum of 12-point font for all text. Pages that exceed the page limit will not be considered. The parties may also include exhibits or attachments, but are strongly encouraged to exclude or minimize any such additional documentation.

   7. After the telephonic conference, the Court may issue an order ruling on the issues presented. Parties are cautioned that the Court will maintain the power to issue monetary and other sanctions in connection with such informal conferences, including for failures to meet and confer in good faith or for abuse of the discovery process.

   8. The Clerk of the Court is directed to serve a copy of the court's civil standing order on plaintiff.

DATED: March 18, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE