UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOR LEONARD,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA STATE PRISON SACRAMENTO, et al.,<br><br>        Defendants. | No.  2:22-v-01231 WBS SCR P<br><br><br><br>ORDER AND PROTECTIVE ORDER |

   Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  On March 18, 2025, the undersigned granted plaintiff's motion to compel in part and reopened discovery solely for the purpose of resolving the parties' dispute over plaintiff's request for production of documents concerning stabbings and physical assaults by his alleged attacker.  (ECF No. 44.)  The parties subsequently requested an informal telephonic discovery conference ("IDC") pursuant to the court's civil standing order.  (See ECF No. 47.)

   The parties participated in the IDC with the undersigned on May 1, 2025.  Having considered the parties' positions, and as discussed during the IDC, IT IS HEREBY ORDERED that:

   1.   Plaintiff's motion to compel (ECF No. 40) is further granted in part, as follows:

1

        a. Within 14 days of this order, defendants shall produce unredacted copies of the eleven documents listed on the privilege log attached to the parties' Joint Discovery Statement.

        b. Plaintiff's receipt and use of the eleven documents is subject to the Protective Order entered below. The procedures in this Order and the Protected Order are made to relieve Plaintiff of the need to follow onerous procedures involving sealed filings.

        c. Defense counsel shall Bates stamp the documents and lodge them with the Clerk of the Court. The notice of lodging shall state that the documents are lodged under seal pursuant to this order.

2. The Clerk of the Court shall maintain the documents ordered to be lodged pursuant to Paragraph 1.c, above, under seal.

3. Defendant shall file the parties' Joint Discovery Dispute Statement and Exhibits on the docket, as that document contains no information that should be sealed.

## PROTECTIVE ORDER

The court expressly limits plaintiff's use of the eleven documents to be disclosed by defendants (the "Protected Documents") to the following purpose: pursuit of his claims in this lawsuit. Plaintiff is prohibited from showing or otherwise disclosing any of the Protected Documents to any other person, except pursuant to further order of the Court. Plaintiff is further prohibited from filing any of the Protected Documents in this lawsuit or a different lawsuit without a further prior order from this Court allowing such filing. Instead, when referring to the Protected Documents in any filings in this lawsuit, plaintiff shall cite to the Bates stamp numbers on those documents. Violation of this Protective Order by plaintiff may subject him to sanctions, including a recommendation that this lawsuit be dismissed.

DATED: May 2, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2